Calder vs. Police Jury.

---

## No. 10,963.

### DAVID R. CALDER VS. POLICE JURY OF TERREBONNE.

1. Although police juries have no right to trace a line of road, as it is a duty which must be entrusted to a jury of freeholders, they have certain authority as to its width and direction.

   Unless it is shown that the police jury have absolutely dictated the line to be followed, it will not be held that they have exceeded their authority.

2. An ordinance which authorizes the taking of private property for public use must provide for compensation.

   Private property cannot be taken for public use without securing to the owner the compensation the jury of freeholders find allowable.

A PPEAL from the Nineteenth District Court, Parish of Terrebonne. *Allen, J.*

---

### L. C. Suthon for Plaintiff and Appellant:

1. Public roads must be laid out by a jury of freeholders, and not by the police jury, and in the manner pointed out by law. R. S. of La., Sec. 3369. 27 An. 204.

2. Private property can not be taken nor damaged for public purposes without just and adequate compensation being first paid. Const. 1879, Art. 156. 35 An. 1045.

---

### L. C. Moise for Defendant and Appellee:

Although averments in the petition and prayer show that the matter in dispute is within the appellate jurisdiction of this court, the appeal will be dismissed *proprio motu*, when it appears from the record that the matter in dispute is really below the lower limit of such jurisdiction and the claim is considered as not serious and fictitious. Mary Pinckney et al. vs. Charles Wolfe, 41 An. 306. Bright vs. Thompson, 38 An. 801.

Laws *in pari materia*, or upon the same subject matter must be construed with a reference to each other. C. C. Art. 17, where a law says that damages assessed by a jury of freeholders shall be a parish charge and shall be paid by the parish treasurer, in such a case an appropriation is unnecessary. R. S., Sec. 3369.

It is too late to enjoin a police jury from declaring a road public subsequently to a resolution passed declaring it public. A general denial shifts the burden of proof upon plaintiff to prove the allegations of his petition.

The opinion of the court was delivered by

BREAUX, J.   A number of residents of the parish of Terrebonne presented a petition to the defendant police jury, asking that steps be taken by that body to expropriate a road over certain designated lands.

A resolution was adopted appointing twelve freeholders to trace and lay out a public road, in accordance with the requirements of the statutes authorizing such expropriation.

The police jury directed that the road be laid out from Bayou Terrebonne to Bayou *Point au Chien*, thence down the right descending bank of said bayou to Dupre's bridge, and from this bridge to other points stated in the ordinance.

The committee of freeholders reported that they had laid out a road in compliance with the ordinance.

In the report, describing the road, it is stated that the point of beginning is the lower line of the Aragon plantation, belonging to plaintiff.

The committee further reports that $200 will be ample compensation to plaintiff for his property sought to be expropriated, and for all damages.

The report was received by the police jury and accepted, and that body ordered that the road, as stated and traced in the report, be declared to be a public road, and that due publication be made, for thirty days, in the official journal.

Before the thirty days had elapsed, plaintiff sued out an injunction, alleging that at an expense of $3000 he built a road and causeway, through a marsh on his place, in order to make the rear portion accessible to cultivation.

That the settlement seeking a right of way, over this road to the public road, passing in front along the Bayou Terrebonne, should seek their way to the front over another plantation, named as owing them a servitude of way.

He alleges that the ordinance of the police jury and the action of the committee of freeholders are illegal and void, for the reason that the road was laid off by the police jury and not by the committee.

He further urges that no appropriation was made and no ordinance was adopted with the view of compensating him, and that the

Calder vs. Police Jury.

declaration that the road is public, made without any action to secure an amount for his property, is void.

The case was tried by jury.

The judgment dissolves the injunction; declares the road public, and allows five hundred dollars to the plaintiff. He prosecutes the appeal.

The defendant charges that the total claimed, viz., $5000, is fictitious, and that this court is without jurisdiction.

The alleged value of the property is stated, and the damages claimed. These allegations are sworn to by the plaintiff.

"The amount in dispute is the highest sum for which judgment can be rendered."

This court has jurisdiction. Forstall vs. Larche, 39 An. 287.

### MERITS.

Although there is some similarity between the ordinance of the police jury and the report of the committee of freeholders, recommending the expropriation, it is not complete.

In the ordinance no reference is made to defendant's place. In the report of the committee the road is traced over the place of the defendant.

It is not made apparent that only one line could be followed by the committee.

The petition, in compliance with which the ordinance was adopted and the committee appointed, was for the purpose of expropriating a right of way to the Bayou Terrebonne.

The isolated condition of the settlement and the reasonable desire of the inhabitants to secure a needed road preclude the inference that they sought an expropriation over defendant's place only, and were unwilling to secure another elsewhere, although equally as advantageous.

Police juries have no right to actually trace a line of road, it must be laid out by a jury of freeholders.

The police juries have some power entrusted to them "as to the proportion and direction" of the roads. Sec. 2743, R. S.

The ordinance did not, in this respect, exceed their power.

The declaration making the road public, without adopting any measure toward paying therefor, presents a question for our determination.

Police juries can act only in the mode prescribed by the law creating them.

In ordering this road to be opened they incurred a pecuniary liability, for the payment of which provision should have been made. R. S. 2786.

In proceedings for expropriation of private property all the formalities required by law must be strictly observed.

An ordinance which authorizes a taking must provide for compensation.    Denison, Eminent Domain, Sec. 452.

The tender of the compensation may be readily waived. The least act manifesting intention not ;to accept, and showing that the offer would be useless, has been held as justifying the omission of the tender.

But in making an expropriation it should appear of record that provision has been made for the payment of the value which the expropriating authority admits as that of the property expropriated.

The failure to make the required appropriation vitiates the jury's verdict. Although the testimony makes it obvious that petitioners have good reason to petition for a road and that its advantages would prove considerable, the Constitution and the statutes have placed safeguards around private property which must be upheld, and one of these safeguards is that appropriation must be made to compensate the owner for the value of the property and the damages found.

Provision must be made for compensation.    Potter's Dwarris, p. 378.

Private property can not be taken for public use without securing to the owner just compensation.    Elliott on Roads and Streets, p. 179.    Watson, Ex., vs. Trustees, 21 Ohio, 667.

" If we are right in this view of the question, it would follow if the Act of 1834 had made provision for compensation for the land taken for the right of way, the act would have been constitutional." Brener vs. Bowman, 9 Georgia 71.

It is, therefore, ordered, adjudged and decreed that the verdict and judgment appealed from be annulled, avoided and reversed, and that the injunction is made perpetual in prohibiting the police jury from enforcing an ordinance expropriating said road without appropriating the amount recommended by the jury of freeholders as a compensation for the expropriation.

## DISSENTING OPINION.

WATKINS, J.   (a) I doubt plaintiff's right of appeal to this court in any event, because the law is that "whenever any individual, through whose land a road laid out as aforesaid shall pass, may be dissatisfied with the decision of the freeholders laying out the same, either as to the course the same is to take or to the damages to him assessed, *he may have an appeal to the District Court for the parish in which the road lies*, provided he prosecute the same at the *next session* of the said court, after the laying out of the said road, or the assessment of the damages; and no appeal should be set aside for want of form in bringing the same before the courts. *Injunctions to stay proceedings may* be issued in *said case* when *the case* requires the same." R. S., Sec. 3370.

In such case the appeal is *sui generis* and altogether informal, and an injunction operates as a restraining order *in that case*. It is not a new suit or proceeding, and no new, separate and distinct trial and judgment is contemplated by the statute.

The whole question is one of police administration and of a purely political character, and not judicial. Of such a class of proceedings this court has been given no jurisdiction.

(b) I am of opinion that damages are only contemplated in cases where roads are actually *laid out* in pursuance of an ordinance of a police jury, because the law is "that for all roads *to be hereafter opened and made*   *   *   it shall be *the duty of said freeholders*   *   *   to assess such damages as any person may sustain." Id., Sec. 3369.

In this case a new road was not traced and laid out through the complainant's premises and plantation, but a road *already in existence was adopted* and declared *pro hoc vice* a public road.

(c) I am of opinion that the one in question is in no proper sense an *expropriation* proceeding, because it does not contemplate the condemnation of the *property*, but simply and *only* the creation of a servitude of way. It is in the nature of an *appropriation*, though, in certain cases, entitling the proprietor over whose property it is laid, to *damages*—because the law is, that "nothing in this section shall be so construed as to   *   *   *   prevent any *owner of the soil* on which a public road shall pass *to resume the use and possession of such soil whenever the said road shall have been abandoned by the public, or shall have been transferred elsewhere.*" Id., Sec. 3369.

12

Railroad Co. vs. Rabasse.

Entertaining these doubts in respect to the law controlling this case I feel constrained to dissent.